52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mehdi BASHAM, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9565.
 United States Court of Appeals, Tenth Circuit.
 April 11, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Mehdi Basham has petitioned this court to review the final order of deportation issued by the Board of Immigration Appeals (BIA). We exercise jurisdiction pursuant to 8 U.S.C. 1105a(a) and affirm.
 
 
 3
 Petitioner, a native and citizen of Iran, first entered the United States in 1976 on a student visa. His student visa status expired in 1981. Mr. Basham worked at various jobs until 1986, at which time he suffered a back injury while working for the Sheraton Hotel. The INS began deportation proceedings in 1989.
 
 
 4
 The immigration judge found Mr. Basham deportable under 8 U.S.C. 1251(a)(9); denied his application for asylum, withholding of deportation and suspension of deportation; and granted him the privilege of voluntary departure. Mr. Basham appealed that decision to the BIA. The BIA dismissed his appeal, finding that he had failed to satisfy his burden of proving eligibility for asylum under 8 U.S.C. 1158(a), and that he had failed to meet the more stringent test for withholding of deportation under 8 U.S.C. 1253(h). The BIA also held that Mr. Basham had failed to establish eligibility for suspension of deportation under 8 U.S.C. 1254(a)(1). The propriety of that determination is the sole issue on appeal.
 
 
 5
 The Attorney General has discretion to suspend the deportation of an otherwise deportable alien who has been physically present in the United States for a minimum of seven years, who has maintained good moral character during that time, and "is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. 1254(a)(1). The petitioner has the burden of proving eligibility for suspension of deportation. Turri v. INS, 997 F.2d 1306, 1308 (10th Cir.1993). Only the extreme hardship requirement is at issue in this case, and we review the BIA's determination of that issue for an abuse of discretion. Id. We find no abuse of discretion.
 
 
 6
 "So long as the Board considers all the relevant factors, this court cannot second-guess the weight, if any, to be given any factor." Id. at 1308-09. We must be able to assure ourselves that the BIA in fact considered all factors; "[t]herefore, the Board must articulate its reasons for denying relief sufficiently for us, as the reviewing court, to be able to see that the Board considered all the relevant factors." Id. at 1309.
 
 
 7
 Mr. Basham contends that the BIA overlooked certain factors: his presence in the United States since 1976, the changed situation in Iran, and the full extent of his medical condition. We disagree. We have carefully reviewed the BIA's decision, and find that it sufficiently indicates its review of all relevant factors, as argued by Mr. Basham in support of his petition for suspension of deportation. We therefore find no abuse of discretion in the BIA's determination that Mr. Basham was not eligible for suspension of deportation.
 
 
 8
 For the foregoing reasons, the order of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470